MALICKI *v.* CHICAGO GUARANTY FUND LIFE SOCIETY.[1]

1. LIFE INSURANCE—WARRANTIES — USE OF LIQUORS — EVIDENCE —QUESTION FOR JURY.

Where a life-insurance company, in an action on a policy, defended on the ground that deceased, who had represented in the application for insurance that he drank no intoxicating liquors except beer, was, prior to and at the time of the application, in the habit of using spirituous liquors to excess, and produced witnesses who testified to that effect, and plaintiff, in rebuttal, called several witnesses who testified that they had never noticed the alleged habit, although they had had every opportunity to do so had it existed, it was proper to submit the defense, as a disputed question of fact, to the jury.

2. SAME—INSTRUCTIONS.

In an action on a life-insurance policy, where the case was a close one upon the facts, error in instructing the jury that the policy, which was issued on an application stating that the applicant drank no intoxicating liquors except beer, would be void if the insured at the time indulged in spirituous liquors " to excess," was not cured by the court's giving a request, preferred by defendant, to the effect that plaintiff could not recover if the insured drank whisky as well as beer.

[1] Rehearing ( defendant's application ) denied May 18, 1900.

Error to Wayne; Lillibridge, J. Submitted January 4, 1900. Decided March 6, 1900.

*Assumpsit* by Teofila Malicki against the Chicago Guaranty Fund Life Society on a policy of insurance. From a judgment for plaintiff, defendant brings error. Reversed.

*E. C. Bolton* and *Moore & Moore*, for appellant.

*George B. Greening* and *T. E. Tarsney*, for appellee.

Montgomery, C. J. This case has been once considered by this court, and is found reported in 119 Mich. 151 (77 N. W. 690). The plaintiff recovered a verdict on the second trial, and defendant again brings error. But two assignments of error need be considered. The first is that the court erred in refusing to direct a verdict for defendant. The defendant, on the second trial, as on the first, introduced the testimony of several witnesses which tended to show that the deceased, at about the time the application for insurance was made, drank not only beer, but spirituous liquors, and that prior to the date of the application he had drank such liquors to excess. In rebuttal the plaintiff called a number of witnesses, who were frequently in the place of business of deceased. One of the neighbors testified that he was in the grocery nearly every day, once or twice a day, and that he never saw him drink whisky, but saw him take a small glass of beer. The plaintiff, who assisted in tending bar on occasions, testified that she never saw him drink whisky. It is claimed that this is negative testimony, and does not meet the testimony of those who testified that they did see deceased drink. We think, however, on full consideration, that this testimony raised a question for the jury. It was more or less persuasive, depending upon how fully it covered the period in question. It is the only character of testimony possible when the habits of a deceased person are in controversy. If it is not possible to meet the testimony of witnesses for defendant by that of persons who

had every opportunity to note an alleged habit, and who testify that they never observed it, the plaintiff may be at the mercy of witnesses whose recollection of facts may be at fault, or who have been mistaken in their observation.

The only other question relates to the instructions to the jury. The court charged the jury in part as follows:

"The testimony has been introduced on one side or the other, and we have taken up considerable time in the introduction of this testimony, the object of it being to enable you to decide this question whether, upon the date mentioned John Malicki made this application for insurance, he did drink more than two or three glasses of beer, and whether he habitually drank liquors at that time. I charge you, gentlemen of the jury, that if you believe that he drank more than two glasses — two or three glasses — of beer at that time, *or that he indulged in ale, wine, beer, or intoxicating liquors to excess*, then the policy was obtained under false representations, and it is void, and it will be your duty to find for the defendant, — no cause of action. If, on the other hand, you believe from the testimony in this case that the representations were true, and that he did not drink more than two or three glasses of beer daily, *that he did not indulge in spirituous liquors to excess*, then, so far as that point is concerned, the defense is not sustained."

This instruction did not correctly state the law as laid down in our former opinion. As the learned circuit judge later gave defendant's request in the words, "If the insured, at the time the application was made, was in the habit of drinking whisky as well as beer, the plaintiff cannot recover," it is evident that he had the correct rule in mind, and it is probable that the instruction quoted from the charge given on his own motion introduced the element of excessive use through an inadvertence. But we are, nevertheless, not able to say that the error was harmless. The jury may have been misled, and, as the case is a close one on its facts, we feel constrained to reverse the judgment, and order a new trial.

The other Justices concurred.